**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

REPUBLIC ROOFING &
RESTORATION, LLC,

        **Plaintiff,**

v.                                                          Civil Action No. _____

STATE FARM FIRE AND
CASUALTY COMPANY,                          **JURY DEMANDED**

        **Defendant.**

---

## COMPLAINT

---

COMES NOW the Plaintiff, Republic Roofing & Restoration, LLC, by and through counsel, and submits the following for its Complaint against State Farm Fire and Casualty Company as follows:

### PARTIES AND JURISDICTION

1.    Plaintiff Republic Roofing & Restoration, LLC ("Republic" or "Plaintiff"), is a limited liability corporation existing under the laws of the State of Tennessee, with its headquarters located at 91 Peyton Parkway Suite 101, Collierville, Tennessee. Republic is a single-member limited liability company, and its only member is a resident of the State of Tennessee.

2.    Republic was assigned the rights and benefits associated with the insurance claim that is the subject of this action by Elaine Matthews (hereinafter "Matthews"). At all times relevant hereto, Matthews owned a dwelling located at 9264 Wheatland Drive, Germantown, TN 38139 (the "Insured Premises").

3.      Defendant State Farm Fire and Casualty Company ("State Farm") is a corporation organized under the laws of the State of Illinois with its principal place of business in Bloomington, Illinois.  State Farm is authorized to sell homeowner and property insurance policies in the State of Tennessee and is engaged in the insurance business in the State of Tennessee.

4.      Jurisdiction and venue are appropriate in this Court. This dispute is between residents of different states and the amount in dispute is in excess of $75,000.00, exclusive of costs and interest; therefore, it meets the jurisdictional requirements of this Court pursuant to the provisions of 28 U.S.C. 1332(a).

5.      This Complaint originates as the result of a wind and hail storm loss that severely damaged the dwelling located on the Insured Premises, and State Farm's wrongful denial of the resulting claim for insurance proceeds.

## FACTS

6.      At all times relevant hereto, Matthews was the insured pursuant to an insurance contract whereby State Farm agreed to insure the dwelling, other structures, and personal property located at the Insured Premises against property damage, bearing Policy No. 426466775 (the "Policy").  The Policy is incorporated herein by reference as if set forth verbatim.[1]

7.      At all times relevant hereto, the Insured Premises consisted of a residential dwelling and surrounding area.

8.      The Policy provided insurance coverage for accidental direct physical loss to the dwelling and other structures located on the Insured Premises.  The Policy also provided coverage for debris removal, additional living expenses, damage to trees, shrubs, plants, and lawns, and such other insurance coverage as specifically set forth in the Policy.

---

[1] The Plaintiff has requested a certified policy from Defendant and is awaiting that document.  Plaintiff will amend this Complaint and add the Policy as an exhibit to the amended complaint once the Policy has been received.

9. The Policy is an "all-risks" policy, meaning that the Policy covered all risks of accidental direct physical loss except for those specifically excluded by the Policy.

10. Pursuant to the Policy, State Farm was paid an annual premium in exchange for insurance coverage on the Insured Premises. The required premiums were paid at all times relevant to this Complaint.

11. On or about July 19, 2018; March 28, 2019; April 12, 2019, and/or other dates within the policy period, a severe wind and hail storm struck the Insured Premises causing substantial damage to the exterior and interior of the dwelling located on the Insured Premises and the Insured Premises' fence. As a result of the Loss, the dwelling located on the Insured Premises suffered accidental direct physical loss, including but not limited to the roofing system, vent covers, gutters, downspouts, the ridge covering, and interior water damage.

12. The Policy was in effect at the time of the Loss, and the Loss is compensable under the terms of the Policy. As it relates to the Loss, there is no applicable exclusion.

13. The Loss was promptly reported to State Farm upon discovery of the Loss.

14. State Farm assigned the Loss a claim number – 42-8411-F43.

15. Matthews fulfilled all of the duties after the Loss that were imposed upon her by the Policy.

16. Shortly after being notified of the Loss, State Farm inspected the Insured Premises and determined that there was covered storm damage to the Insured Premises. Specifically, State Farm determined that the amount of the Loss to be $2,549.54. Despite paying for certain wind and interior water damage to the Insured Premises, State Farm determined that there was no wind or hail damage to the roof of the Insured Premises.

17.     In contrast, Matthews' contractor, Republic Roofing, determined the amount of the Loss to be a replacement cost value of $62,279.70, which did include damage to the Insured Premises' roof.

18.     On or about May 17, 2019, Matthews assigned her insurance claim to Republic Roofing.  This assignment included, in part, an assignment of all claims, demands, and cause or causes of action of any kind whatsoever which Matthews has or may have against State Farm stemming from the Loss.  The assignment is attached hereto as **Exhibit A**.

19.     Republic Roofing and Matthews hired engineer Steve Prosser to perform an inspection of the Insured Premises which occurred on July 9, 2019.  The inspection revealed significant wind and hail damage to the Insured Premises which is covered by the Policy.  Specifically, Mr. Prosser found significant and severe hail impacts all over the Insured Premises' roof which requires a full roof replacement.  The report also found significant wind damage to the Insured Premises' roof along with significant water intrusion into the Insured Premises stemming from the covered hail and wind damage.  The Prosser report is attached hereto as **Exhibit B**.

20.     Republic Roofing's estimate and Mr. Prosser's report were submitted to State Farm.

21.     Upon receipt of the Prosser report, State Farm conducted a second site visit to the Insured Premises. Without providing any inspection report or notes whatsoever, State Farm simply and conclusively stated in a November 9, 2019 letter that the second inspection "did not reveal any direct physical loss to your home."

22.     State Farm's representative did not get on the roof of the Insured Premises during the first inspection.

23.     State Farm's representatives, during both site visits, acknowledged hail damage to the soft metals on the Insured Premises but did not include these items in its estimate.

24.     Based on the above, it is easy to see that State Farm engaged in an outcome determinative "visit" to the Insured Premises with no intention of actually determining the extent of the property damage caused by the Loss.

25.     Despite the fact that Matthews and Republic fulfilled all duties imposed upon them by the Policy and are at no fault in this matter, State Farm has wrongfully failed and/or refused to fully and promptly pay the claim for insurance proceeds.

26.     State Farm's alleged reasons for denying the claim associated with the Loss are fabricated, wrongful, and done with the intent to injure/harm Plaintiff.

## CAUSES OF ACTION[2]

### Count I - Breach of Contract

27.     The allegations contained in the above paragraphs are incorporated herein by reference as if set forth verbatim.

28.     The Policy issued by State Farm is a binding contract and is supported by valid consideration.

29.     State Farm is in total material breach of the Policy and is liable to Plaintiff in the maximum amount allowed by the Policy for the Loss.  Specifically, State Farm's breach of contract includes the following without limitation: (a) failure and refusal to pay the amounts owed to Plaintiff for the damage to the dwelling and other structures under the Dwelling and Other

---

[2] On or about February 24, 2020, Plaintiff provided State Farm with written notice of its intent to file a claim for statutory bad faith pursuant to Tenn. Code. Ann. 56-7-105. Because the required waiting period of 60 days has not yet passed, Plaintiff has not included the bad faith claim here and simply brings to this Court's attention that it will seek to amend this Complaint at the appropriate time.

Structures coverage afforded by the Policy; and (b) failure and refusal to pay such other amounts to Republic as may be required by the Policy.

30.     As a result of State Farm's breach of contract, Plaintiff sustained substantial compensable losses for the amounts claimed under the Policy, including but not limited to the replacement cost of the damage to the dwelling and temporary repairs, plus consequential damages.

31.     State Farm is liable to Plaintiff for its losses.

32.     State Farm's breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. *See, e.g., Riad v. Erie Ins. Exchange*, 436 S.W.3d 256, 276 (Tenn. Ct. App. 2013).  Specifically, State Farm intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of the claim when liability was reasonably clear; (2) refused and failed to conduct a reasonable, prompt, and fair investigation concerning the issues surrounding the claim for insurance proceeds; (3) unjustly refused and/or failed to pay the claim for its own financial preservation with no reasonable or justifiable basis; (4) failed to treat Plaintiff's interests with equal regard to its own; (5) promised prompt action and claim-handling but then failed to provide reasonable payment for the insured losses; (6) failed and refused to pay the valid claim of Plaintiff; (7) misrepresented relevant facts and policy provisions to Plaintiff; (8) forced Republic to file suit in order to enforce the rights under the Policy; (9) hired biased outcome-oriented "consultants" with the goal of denying full payment to Plaintiff; and (10) such other facts and circumstances as alleged in this Lawsuit and/or to be shown at trial.  State Farm knew, or reasonably should have known, that Matthews, and Republic through assignment, was justifiably relying on the money and benefits due under the terms of the Policy.  Nevertheless, acting with conscious disregard for Matthews/Republic's rights

6

and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Matthews/Republic, State Farm consciously and intentionally denied the claim and withheld monies and benefits rightfully due Matthews/Republic.  Republic seeks, and is entitled to, punitive damages.

WHEREFORE, as a result of the foregoing, Republic would respectfully request that this Honorable Court award a judgment against State Farm as follows:

A.    For compensatory damages and punitive damages in an appropriate amount to be determined by the jury but not exceeding $500,000.00;

B.    For all costs incurred by Republic as a result of this action;

C.    For pre and post-judgment interest; and

D.    For such other further and general relief as this Court deems just and equitable.

<u>**JURY DEMAND**</u>

Republic demands a jury of its peers.

Respectfully submitted,

McWHERTER SCOTT BOBBITT PLC

s/Jonathan L. Bobbitt
JONATHAN L. BOBBITT #23515
jonathan@msb.law
J. BRANDON McWHERTER #21600
brandon@msb.law
341 Cool Springs Blvd., Suite 230
Franklin, Tennessee 37067
(615) 354-1144

CLINTON H. SCOTT #23008
clint@msb.law
54 Exeter Road, Suite D
Jackson, Tennessee 38305
(731) 664-1340

*Attorneys for Plaintiff*